## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DR. CHRIS BELLEAU, ET AL**                    **CIVIL ACTION**

**VERSUS**                                        **NUMBER 05-192-RET-DLD**

**BRIDGESTONE/FIRESTONE**
**NORTH AMERICAN TIRE, LLC**
**F O R M E R L Y   K N O W N   A S**
**BRIDGESTONE/FIRESTONE, INC.**

### MAGISTRATE JUDGE'S REPORT

This products liability action arises out of an automobile accident caused by an allegedly defective tire manufactured by the defendant, and comes before the Court on defendant's motion for summary judgment (rec. doc. 30).  Defendant's motion is opposed. Oral argument is not necessary to decide this motion.  This Court has jurisdiction over this matter on the basis of diversity jurisdiction, 28 U.S.C. §1332.

### Background

Plaintiffs, Dr. and Mrs. Chris Belleau, purchased a 2001 Chevrolet Express 350 fifteen passenger van with 34,053 miles on it from Enterprise Rent-A-Car on March 7, 2002 (rec. doc. 32, Exhibit A).  On February 21, 2004, Mrs. Belleau had the van (then at 46,200 miles) serviced for general maintenance at Rapid Lube & Tune-Up (rec. doc. 32, Exhibit B).  Although Rapid Lube & Tune-Up does not service tires, it did check the tire pressure, which it considered to be "OK."  Id.

After servicing the van, Mrs. Belleau, her five children, and her nanny drove on Interstate I-10 East towards New Orleans, when the tread on the left, rear tire came off (rec. doc. 32, Exhibit C).  Mrs. Belleau lost control of the van, and it rolled several times

before coming to a rest.  Id.  None of the tires on the van deflated, including the tire that lost its tread.  Id.

Dr. and Mrs. Belleau filed suit individually, and on behalf of their children, in the 23rd Judicial District Court against defendant, Bridgestone/Firestone North American Tire, LLC (fka Bridgestone/Firestone, Inc.) on February 18, 2005, for all damages arising out of the accident (rec. doc. 1, Exhibit A).  Plaintiffs' petition was removed to this Court on diversity jurisdiction. Id.  All of plaintiffs' allegations against defendant arise under the Louisiana Products Liability Act (LPLA), La. R.S. 9:2800.52, *et seq.*  Id.

Specifically, plaintiffs claim that the accident and resulting injuries were caused by "characteristics of the tire that rendered it unreasonable [sic] dangerous when used, as in this case, in a reasonably anticipated manner." Id.  Plaintiffs allege both a violation of La. R.S. 9:2800.56, that the tire was unreasonably dangerous in design because there existed an alterative design which was capable of preventing petitioners' damages, and a violation of La. R.S. 9:2800.55, that the tire was unreasonably dangerous in construction and composition because it deviated in a material was from the manufacturers specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer.  Id at ¶¶5-7.

Defendant moves this Court for an order granting its motion for summary judgment on the grounds that plaintiffs cannot meet their burden of proving their claims under the LPLA.

**Argument of the Parties**

Defendant argues that it is entitled to summary judgment because plaintiffs failed to identify or produce an expert report on behalf of an expert who examined the tire prior to the discovery cutoff date, which will prevent them from using any expert evidence at trial (rec. doc. 32).  Defendant claims that without expert testimony, plaintiffs are unable to meet their burden of proof under the LPLA.  Id.

Defendant engaged a tire expert, Joseph Grant, to examine the tire involved in the van accident.  Mr. Grant concluded that the tire is not defective or unreasonably dangerous in design (rec. doc. 32, Exhibit E).  He stated that tread/belt separations and/or detachments can come from a wide variety of service conditions, damage, or abuse. Id. He further stated that "a physical examination of the tire is almost always necessary to determine the underlying cause of any tire disablement" and that "[w]ithout a detailed forensic examination of the tire, it is rarely possible to reach an opinion or conclusion as to the cause of a tire disablement with any reasonable degree of engineering certainty."Id.

Additionally, defendant argues that because the tire has been destroyed, plaintiffs will not have the opportunity to have an expert inspect and examine the tire prior to trial (rec. doc. 37).  Defendant  offers substantial support for the proposition that dismissal of a claim under the LPLA is appropriate when a tire has been lost or discarded prior to having been examined by an expert because the plaintiff will be unable to meet its burden of proving that the tire failure was caused by a defect. Id.

Plaintiffs' opposition consists mostly of an excerpt from Mrs. Belleau's deposition, wherein she explained what she observed prior to the van accident.  Mrs. Belleau testified

that she "heard this huge horrible loud pop," thought the van had a flat tire, and saw four individual tire treads pass her on the interstate before the van flipped (rec. doc. 36).

Plaintiffs object to defendant's expert's conclusions and deny any accident or road hazard impact occurring on the van other than a minor fender bender that could have caused the tire to fail. Id.  Plaintiffs state that neither they nor Rapid Lube noticed any problems with the tires. Id.  Plaintiffs argue that defendant's expert's report raises questions of fact concerning the extent of the tire wear. Id.  Finally, plaintiffs argue that they will not have an opportunity to have the tire inspected by their own expert because the tire has been destroyed.   Regardless, plaintiffs request that the motion for summary judgment be denied due to the issues of fact contained in the pleadings, depositions, and expert reports before the Court.

## Summary Judgment Standard

Summary judgment shall be granted when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law.  Federal Rule of Civil Procedure 56.  When a motion for summary judgment is properly made and supported under Rule 56(c), the opposing party may not rest on the mere allegations of their pleadings, but rather must come forward with "specific facts" showing that there is a genuine issue for trial.  *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(e).   The non-movant's evidence is to be believed for purposes of the motion and all justifiable inferences are to be drawn in his favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).  However, summary judgment must be entered against the plaintiff herein, on a properly supported defense motion, if he fails to

make an evidentiary showing in its opposition to the motion sufficient to establish the existence of an element essential to its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).

### Applicable Law and Discussion

The manufacturer of a product shall be responsible to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arises from a reasonably anticipated use of the product by the claimant. La. R.S. 9.2800.54(A). Thus, to maintain a successful products liability action under the LPLA, a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous"; and (4) that the damage arose from a reasonably anticipated use of the product by the plaintiff or someone else. *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254 (5th Cir. 2002), citing La.R.S. 9:2800.54(A).  In order for a product to be unreasonably dangerous, it must either: (a) be defective in construction, (b) be defective in design, (c) have an inadequate warning, or (d) fail to conform to an express warranty. La. R.S. 9:2800.54(B).

Plaintiffs have alleged in their petition that defendant's tire is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55 and in design as provided in R.S. 9:2800.56 (rec. doc. 1, Exhibit A).    In order to be unreasonably dangerous in construction and composition, the plaintiff must show that the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same

manufacturer at the time the product left the manufacturer's control. La. R.S. 9:2800.55. In order to be defective in design, plaintiff must prove that, at the time the product left the manufacturer's control, there existed an alternative design for the product that was capable of preventing the damage and the likelihood that the product's design would cause the damage and the gravity of the damage outweighed the burden on the manufacturer of adopting the alternative design and the adverse effect of the alternative design on the utility of the product. La. R.S. 9:2800.56.

Defendant is correct that the mere fact that an accident occurred is not sufficient to establish that a product is defective or unreasonably dangerous. *Guidry v. Aventis Pharmaceuticals, Inc.*, 418 F.Supp.2d 835 (M.D. La. 2006); *Morris v. Unites Services Auto. Ass'n*, 756 So.2d 549, 558 (La. App. 2nd Cir. 2/18/00).  Plaintiffs have offered only Mrs. Belleau's testimony of what happened prior to the accident, which is insufficient to prove that the accident was caused by a defective tire.  Plaintiffs will be unable to meet their burden of proving that the tire was defective or unreasonably dangerous without the assistance of expert testimony.

Not only did the plaintiffs fail to have an expert examine the tire prior to the discovery cutoff date, they are precluded from ever having the opportunity to have the tire examined by an expert because the tire has been destroyed.  Apparently, the defendant had an opportunity to have its expert examine the tire prior to producing it to the plaintiffs. Defendant's expert, Joseph Grant, stated that a physical examination of the tire is almost always necessary to determine the underling cause of any tire disablement (rec. doc. 32, Exhibit E).  Additionally, defendant's engineering expert, Brian Queiser, who did not inspect the tire, stated that visual and tactile scientific examination of the physical condition of a

failed tire, often including testing and/or measurement, is generally necessary to determine the specific cause of a tire failure (rec. doc. 32, Exhibit D).

Although plaintiffs argue that they will not have the opportunity to have their own expert inspect the tire because it has been destroyed, it is notable that plaintiffs do not raise any spoliation claims against defendant. (rec. doc. 36). Thus, the Court can only assume there is no basis for an adverse presumption against defendant.  At trial, the plaintiffs must prove that an unreasonably dangerous condition or defect in the tire caused the accident in this case.  Because the tire has been destroyed, and plaintiffs will not have the opportunity to have their expert examine the tire, plaintiffs will be unable to meet their burden of proof under the LPLA at trial.   *Gladney v. Milam,* 911 So.2d 366 (La. App. 2nd Cir.  9/21/05).

Finally, plaintiffs argue that there are issues of fact contained in defendant's expert's report (rec. doc. 36).  Defendant, however, does not have the burden of proof at trial. The plaintiffs have the burden of proving by a preponderance of the evidence that the tire was defective or unreasonably dangerous under La. R.S. 9:2800.55 or La. R.S. 9:2800.56. See La. R.S. 9:2800.54(D).  Plaintiffs failed to offer any expert testimony in support of their case, but, rather, rely on the circumstantial evidence of Mrs. Belleau's deposition testimony, which is insufficient to prove that the tire was defective or unreasonably dangerous.

Based on the evidence presented and the fact that the tire has been destroyed, the plaintiffs will be unable to meet their burden of proof at trial. Accordingly;

**IT IS RECOMMENDED** that defendant's motion for summary judgment (rec. doc. 30) should be **GRANTED**.

Signed in Baton Rouge, Louisiana, on January 29, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**DR. CHRIS BELLEAU, ET AL**                    **CIVIL ACTION**

**VERSUS**

                                                **NUMBER 05-192-RET-DLD**
**BRIDGESTONE/FIRESTONE**
**NORTH  AMERICAN  TIRE  LLC**
**F O R M E R L Y   K N O W N   A S**
**BRIDGESTONE/FIRESTONE, INC.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with

the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of

this notice to file written objections to the proposed findings of fact and conclusions of law

set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your

right to attack the factual findings on appeal.

**ABSOLUTELY  NO  EXTENSION  OF  TIME  SHALL  BE  GRANTED  TO  FILE**

**WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 29, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**